UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTENNIAL BANK,

      Plaintiff,

v.                                        Case No: 8:17-cv-1721-T-27JSS

BAKERFIELD CUSTOM HOMES CORP.,
WALTER F. LINFIELD, WALTER F.
LINFIELD, CKB DEVELOPEMENT LLC,
EVERETT ARNOLD, JUDITH ARNOLD,
CHETAN KHAMARE, AMBER D.
SIMPSON, GARY TRASK, GAIL TRASK,
HUGH PALMER, RECQUEL PALMER,
JOSEPH ZOLTAK, RUTH VICTORIA
ZOLTAK, NATURAL SPRINGS POOLS,
INC., INTERNATIONAL GRANITE &
STONE, LLC, FERGUSON
ENTERPRISES, INC., UNIQUE BRICK
PAVERS, INC., MCELDERRY
DRYWALL INC., FOAM BY DESIGN,
INC., ALPHA ENVIRONMENTAL
MANAGEMENTCORP, LLC and ANY
KNOWN AND UNKNOWN PARTIES IN
POSSESSION,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment as to Six

Junior Lienholders on Verified Complaint ("Motion"). (Dkt. 104.) For the reasons that follow,

the Court recommends that Plaintiff's Motion be denied without prejudice.

## BACKGROUND

      On July 19, 2017, Plaintiff Centennial Bank, successor by merger to Florida Traditions

Bank, filed its Verified Complaint ("Complaint") against numerous Defendants. (Dkt. 1.) Among

the Defendants, Plaintiff sued CKB Development LLC, Natural Springs Pools, Inc., Ferguson Enterprises, Inc., Unique Brick Pavers Inc., Foam by Design, Inc., and Alpha Environmental Managementcorp, LLC (collectively, "the Six Lienholders") to enforce loan documents and foreclose upon the subject mortgaged property, as defined in Plaintiff's Complaint as the Mortgaged Property ("Mortgaged Property"). (Dkt. 1 ¶ 26.) The Six Lienholders were served with the Complaint on July 20, 2017, and proofs of service were filed with the Court on July 24, 2017. (Dkts. 28, 30, 32, 33, 37, 39.) The Six Lienholders failed to answer the Complaint or otherwise defend this action.[1] On August 28, 2017, Plaintiff filed a Motion for Clerk's Default against each of the Six Lienholders. (Dkts. 91–96.) The Clerk of the Court entered defaults against each of the Six Lienholders on August 29, 2017. (Dkts. 98–103.)

Plaintiff now moves for default judgment against the Six Lienholders and asks the Court to enter an Order finding that (1) Plaintiff is the owner and holder of the subject loan documents, (2) Bakerfield Custom Homes Corp. defaulted under the subject loan documents, (3) Plaintiff is due $4,255,893.56 based on the subject loan documents secured by the Mortgaged Property, plus future interest, attorney's fees, and costs, and (4) any right, title or interest that the Six Lienholder have are inferior to that of Plaintiff. (Dkt. 104 at 10.) To date, the Six Lienholders have not appeared in this case.

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R.

---

[1] The remaining Defendants have answered the Complaint or have moved to dismiss the action. (Dkts. 85-89, 97, 108, 110.) Defendants McElderry Drywall Inc., International Granite & Stone, LLC, Joseph and Ruth Victoria Zoltak, Everett and Judith Arnold, Chetan Khamare, Amber D. Simpson, and Gail and Gary Trask answered Plaintiff's Complaint. (Dkts. 85–89, 97, 108, 111.) Defendants Hugh and Recquel Palmer filed a Motion to Dismiss Plaintiff's Complaint. (Dkt. 110.)

Civ. P. 55(a); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an answer within twenty-one days after being served with the summons and complaint). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a defendant who never appears or answers a complaint, "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Federal Rule of Civil Procedure Rule 54(b) provides that where multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

## ANALYSIS

Plaintiff seeks entry of default judgment against the Six Lienholders as the Six Lienholders have failed to respond to the Complaint or otherwise appear in this action. (Dkt. 104.) Plaintiff specifically requests a default judgment that determines that Plaintiff is the owner and holder of the subject loan documents and that Plaintiff is due $4,255,893.56 based on the subject loan documents secured by the Mortgaged Property, plus future interest, attorney's fees, and costs. (Dkt. 104 at 10.)

Although the Six Lienholders have not appeared in this action, "[a] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a

default judgment until the trial of the action on the merits against the remaining defendants." *Essex Ins. Co. v. Moore*, 2011 WL 3235685 at *1 (M.D. Fla. July 28, 2011) (quoting *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000)). Specifically, in cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable with other defendants until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). The Eleventh Circuit Court of Appeals has extended this prohibition against logically inconsistent judgments to other cases where "defendants are similarly situated, but not jointly liable." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). Consequently, in this Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Id.* (citing 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2690; 6 Moore's Federal Practice ¶ 55.06). Thus, entry of a default judgment against a defaulted party is inappropriate in a case involving multiple defendants who are jointly liable or similarly situated.

Defendants may be similarly situated when they have closely related defenses. *Mayorga v. Stamp Concrete & Pavers, Inc.*, 13-81274-CIV, 2015 WL 3556972, at *2 (S.D. Fla. June 4, 2015) (finding defendants similarly situated where plaintiff asserted the same claim for overtime wages against both defendants and defendants' defenses were identical); *Machado v. Mega Travel USA Corp.*, 14-21037-CIV, 2015 WL 12803629, at *2 (S.D. Fla. Sept. 1, 2015), *report and recommendation adopted*, 14-21037-CIV, 2015 WL 12803630 (S.D. Fla. Sept. 22, 2015) ("The Eleventh Circuit has applied *Frow* to cases where defendants are jointly and severally liable, as

well as where defendants have closely related defenses."); *Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, 11-62527-CIV, 2012 WL 718688, at *3 (S.D. Fla. Mar. 6, 2012); 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2690, 290-291 ("The general rule developed in the *Frow* case applies when the liability is joint and several and probably can be extended to situations in which several defendants have closely related defenses. When that is the case, entry of judgment also should await an adjudication of the liability of the nondefaulting defendants."). For example, courts have found that defendants are similarly situated where an insurer seeks a declaratory judgment that an insurance policy does not trigger a duty to defend or indemnify the defaulting defendant and another named defendant has appeared and contested the insurer's allegations. *Northfield Ins. Co. v. Am.'s Best Choice Sec. Agency*, 14-CV-61808, 2014 WL 11776949, at *1 (S.D. Fla. Nov. 19, 2014); *N. Pointe Ins. Co. v. Glob. Roofing & Sheet Metal, Inc.*, 6:12-CV-476-ORL-31, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012); *Owners Ins. Co. v. Daniel*, 7:12-CV-27 HL, 2012 WL 1565616, at *1 (M.D. Ga. May 2, 2012); *Essex Ins. Co.*, 6:11-CV-515-ORL-19, 2011 WL 3235685, at *1; *see also PNC Bank, Nat'l Ass'n v. Lucmaur, LLC*, 614CV248ORL37KRS, 2014 WL 12629787, at *1–2 (M.D. Fla. Aug. 27, 2014) (finding entering a default judgment against a defendant risked inconsistent judgments because the liability of the defendant was derivative of another defendant actively defending itself); *Bank of the Ozarks v. Arco Cmty. Outreach Coal., Inc.*, CV 212-017, 2013 WL 164421, at *2 (S.D. Ga. Jan. 15, 2013) (finding defendants similarly situated where the liability of guarantor defendants was derivative of another defendant's liability).

Upon consideration, the Court finds it inappropriate to grant Plaintiff's request for a default judgment as to the Six Lienholders at this time. Plaintiff does not allege that the Defendant Six Lienholders and remaining twelve Defendants are jointly liable. *See* Dkt. 1. However, the Six

Lienholders may be similarly situated to the twelve other Defendants. In its Motion, Plaintiff argues that the Defendant Six Lienholders are not similarly situated to the twelve other Defendants because there is no active borrower whose defenses may preclude foreclosure of the Six Lienholders' rights and interests. (Dkt. 122 at 3.) Plaintiff and the borrower, Bakerfield Custom Homes Corporation, have filed a Joint Stipulation for Entry of Agreed Foreclosure Judgment. (Dkt. 109.) Plaintiff further argues that the liability of the Six Lienholders is not derivative of the borrower's liability because the Six Lienholders' rights are tied to their own obligations under Florida law. (Dkt. 122 at 3–4.) Plaintiff also contends that the Six Junior Lienholders are not similarly situated to the remaining Defendants because the remaining Defendants have defenses and rights that are personal to them and different than those of the Six Lienholders. (Dkt. 122 at 4–5.)

Nevertheless, Plaintiff has asserted the same claims against the Six Lienholders and the twelve other Defendants. (Dkt. 1 at 10–13.) Specifically, Plaintiff's claims against the Six Lienholders for foreclosure of the Mortgaged Property are identical to the claims against the twelve other Defendants, stating that each Defendant "may claim some right, title, or interest in some or all of the Mortgaged Property; however, any such right, title, or interest is junior and inferior to that of the Bank." (Dkt. 1 ¶¶ 42–61.) Defendants Chetan Khamare, Amber Simpson, and Joseph and Ruth Victoria Zoltak have appeared in this action and dispute the amount of damages allegedly owed to Plaintiff and, as an affirmative defense, contend that Plaintiff's "claims are barred in whole or in part by the doctrine of avoidable consequences." (Dkts. 87 at 5; 108 at 5.) As the Six Lienholders' co-defendants continue to dispute the primary bases relied upon by Plaintiff for entry of a default judgment, Plaintiff's requested default judgment against the Six Lienholders raises the risk of inconsistent verdicts. In other words, if Plaintiff's foreclosure claims are found to be barred

as Defendants Khamare, Simpson, and the Zoltaks allege, granting a default against the Six Lienholders on the same claims may risk an inconsistent verdict. Further, there is a pending motion to dismiss filed by Defendants High and Recquel Palmer regarding Plaintiff's foreclosure claims. (Dkt. 110.) This district "has been sensitive to the risk of inconsistent judgments." *Gov't Employees Ins. Co. v. KJ Chiropractic Ctr. LLC*, 6:12-CV-1138-ORL, 2014 WL 5426565, at *2 (M.D. Fla. Oct. 22, 2014). Thus, to avoid inconsistent verdicts, it is most prudent to deny Plaintiff's Motion without prejudice and allow Plaintiff to reassert its Motion at the conclusion of the proceedings against the remaining Defendants.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment as to Six Junior Lienholders on Verified Complaint (Dkt. 104) be **DENIED** without prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on November 20, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James D. Whittemore
Counsel of Record
Unrepresented Parties