UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTENNIAL BANK,

    Plaintiff,

vs.                                                    Case No.: 8:17-cv-1721-T-27JSS

BAKERFIELD CUSTOM HOMES CORP.,
et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Receiver's Application for Compensation from September 26, 2017 to October 31, 2017. (Dkt. 134). No party responded to the application, and the time for filing objections has elapsed. (Dkt. 117 ¶¶ 9, 12). The application, therefore, is deemed unopposed. *See* Local Rule 3.01(b).

Based on a review of the time records and related documentation submitted by the Receiver, including the Receiver's Report dated November 1, 2017 and the Receiver's Inventory Report (Dkts. 129, 134, 137), the Court finds that the amount requested by the Receiver reflects reasonable compensation for services rendered. *See SEC v. W.L. Moody & Co. Bankers (Unincorporated)*, 374 F.Supp. 465, 480 (S.D. Tex. 1974), *aff'd sub nom. SEC v. W. L. Moody & Co.*, 519 F.2d 1087 (5th Cir. 1975) ("a reasonable fee is based on all circumstances surrounding the receivership").[1]

Accordingly, the Receiver's Application for Compensation from September 26, 2017 to October 31, 2017 (Dkt. 134) is **GRANTED** and **APPROVED**.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

The Receiver, Steven S. Oscher, is awarded $36,892.50 as compensation for services rendered, said sum to be payable in accordance with the terms of the Order on Centennial Bank's Verified Motion for Appointment of Receiver to Maintain and Safeguard Assets (Dkt. 117).

**DONE AND ORDERED** this 29th day of November, 2017.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record
Steven S. Oscher