UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTENNIAL BANK,

    Plaintiff,

v.                                                    Case No: 8:17-cv-01721-T-27JSS

BAKERFIELD CUSTOM HOMES
CORP., et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Hugh Palmer and Recquel Palmer's Motion to Dismiss Plaintiff's Verified Complaint, (Dkt. 110), which Plaintiff opposes. (Dkt. 113). Upon consideration, the motion is DENIED.

### Background

Plaintiff, as successor in interest by merger, alleges that it is a party in a lending relationship with Bakerfield Custom Homes Corp. and Walter F. Linfield, Trustee of the Walter F. Linfield Revocable Trust ("the Obligors") relating to a mortgage obligation owed by the Obligors. (Dkt. 1 ¶ 2). It filed this foreclosure action against the Obligors, among others, including potential purchasers of real property being developed by Bakerfield having an interest in the property subject to the mortgage. (Dkt. 1). Plaintiff seeks to foreclose its mortgage, which it alleges includes property in which Hugh and Recquel Palmer have an interest. The Palmers move to dismiss arguing that Plaintiff has not sufficiently alleged that it has an interest in their property.

1

## Standard

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require detailed factual allegations, but a plaintiff's complaint must contain more than unadorned or conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels or conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. V. Twombly*, 550 U.S. 554, 555 (2007)). In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the relevant question is not whether the plaintiff will ultimately prevail, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackman v. Hosp. Corp. Of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## Discussion

The elements to foreclose real property in Florida are: (1) an agreement, (2) a default, (3) an acceleration, and (4) the amount due. *Black Point Assets, Inc. v. Fed. Nat'l Mortg. Ass'n (Fannie Mae)*, 220 So.3d 566, 568 (Fla. 5th DCA 2017) (citing *Kelsey v. SunTrust Mortg., Inc.*, 131 So.3d 825, 826 (Fla. 3d DCA 2014)). And, under Florida's foreclosure proceedings, parties who have an inferior interest in property are included as defendants. *See T-R Indian River Orange Co. v. Keene*, 168 So. 408, 409 (Fla. 1936) ("where different persons have rights or interests in specific land, the foreclosure of a mortgage upon the land affects the rights and interests of only such persons as are made parties actually or constructively to the foreclosure proceeding"); *Abdoney v. York*, 903 So. 2d 981, 983 (Fla. 2d DCA 2005).

If a party with an inferior interest is omitted, that party's interest is unaffected by the judgment. *Keene*, 168 So. at 409; *York*, 903 So.2d at 983. Therefore, "by naming a party in the complaint, the plaintiff provides notice to the named parties that the plaintiff is asserting a superior interest." *Fannie Mae*, 220 So. 3d at 568 (holding that a foreclosure complaint need not explicitly allege that the plaintiff's interest is superior to the parties' interests being foreclosed to state a claim).

The Palmers do not contest that Plaintiff sufficiently alleges a cause of action for foreclosure under Florida law, but rather that the allegations regarding their property are insufficient. Plaintiff alleges that the Palmers "may claim some right, title, or interest in some or all of the Mortgaged Property; however, any such right, title, or interest is junior and inferior to that of the Bank, including without limitation those arising under the Loan Documents . . . ." (Dkt. 1 ¶ 50). The Mortgaged Property consists of "real property and improvements located in Pasco County, Florida . . . and more fully described in the Loan Documents [,which includes the Mortgage Spreader and Funding Agreement, in addition to a number of documents], and the notice of lis pendens accompanying this Complaint." (Dkt. 1 ¶ 29).

Plaintiff counters that the Palmers' property is referenced in Subsection B of the Mortgage Spreader and Funding Agreement in the Modification of Mortgage and Promissory Note, and Loan Documents dated April 17, 2014, recorded in Official Records Book 9030, Page 1693-1697, attached as an Exhibit to Plaintiff's response.[1] (Dkt. 113 at 15-18). Taking Plaintiff's allegations as true, it

---

[1] A "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

sufficiently alleges that the Mortgaged Property includes the Palmers' property.[2] *See Iqbal*, 556 U.S. at 678; *Fannie Mae*, 220 So. 3d at 568; *York*, 903 So. 2d at 983. And, contrary to the Palmers' contention, Plaintiff is not required to attach the document identifying their property to the Complaint. *See* Fed. R. Civ. P. 8, 10; *see also Chamberlain v. Integraclick, Inc.*, No. 4:10-CV-00477-SPM, 2011 WL 2118699, at *2 (N.D. Fla. May 25, 2011) ("'attachment . . . is permissive only, and not mandatory'" (quoting *Ryan v. Glenn*, 52 F.R.D. 185, 192 (N.D. Miss. 1971) (alteration in original)));*United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986) ("written instruments are not required to be attached to a party's pleading"); *Fannie Mae*, 220 So. 3d at 568.

## Conclusion

Accordingly, Hugh Palmer and Recquel Palmer's Motion to Dismiss is **DENIED**. They shall answer Plaintiff's Complaint within **fourteen (14) days**.

**DONE AND ORDERED** this 16th day of January, 2018.

JAMES D. WHITTEMORE
United States District Judge

---

[2] The Palmers describe their property as **Lot 5**, Block 31C of WATERGRASS PARCELS B-5 and B-6, (Dkt. 110 ¶ 4), while Plaintiff identifies their property as **Lots 6 and 13**, Block 31C, WATERGRASS PARCELS B5 and B6, (Dkt. 113 ¶ 27). This factual dispute cannot be resolved on a motion to dismiss.

4